UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

MING HAO XUE a/k/a TOMMY XUE,

        Plaintiff,         Case No.
                               Hon.
vs.

CULTURE PULSE, INC., a California corporation,
Successor by Merger to AMPLIFY CREATIVE
GROUP, INC., a dissolved California corporation,

        Defendant.
_____/

James C. Baker (P62668)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jbaker@sterlingattorneys.com
_____/

## COMPLAINT

NOW COMES Plaintiff MING HAO XUE a/k/a TOMMY XUE ("Plaintiff" or "Tommy Xue"), by his attorney James C. Baker of Sterling Attorneys At Law, P.C., and for his Complaint against Defendant Culture Pulse, Inc. provides:

1. This is a lawsuit for breach of contract, and alternatively unjust enrichment/quantum meruit, arising out of Plaintiff's employment relationship

with Defendant; namely, the failure by Defendant to pay salary owed to Plaintiff, and to reimburse healthcare premiums paid by Plaintiff.

2. Plaintiff also seeks the value of stock in which he is fully vested.

3. Plaintiff Ming Hao "Tommy" Xue is a citizen of, and resides in the State of New York, specifically in New York City.

4. Plaintiff was an employee of Defendant until he became an independent contractor with another corporate entity on June 11, 2024.

5. Culture Pulse, Inc. is a California corporation engaged in interstate commerce, and was Plaintiff's employer, directly and by merger, from September 2021 to June 10, 2024.

6. California is a successor by merger with Amplify Creative Group, Inc., a dissolved California corporation.

7. Amplify Creative Group, Inc. did performed business, and was authorized to transact business in the State of Michigan.

8. By its succession by merger, Defendant Culture Pulse, Inc. too performed business, and was authorized to transact business in the State of Michigan.

9. By its succession by merger, Defendant Culture Pulse, Inc. became responsible for the contracts entered into by Amplify Creative Group, Inc., including but not limited to the employment agreement it entered into with Plaintiff.

2

## JURISDICTION AND VENUE

10. Plaintiff was employed from September 2021 until June 10, 2024.

11. Plaintiff is a resident of New York, and Culture Pulse, Inc. is a California corporation, with its principal headquarters in Las Vegas, NV.

12. The amount in controversy exceeds $75,000.

13. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 USC 1332 (diversity of citizenship).

14. Venue is proper under 28 USC 1391 because Defendant engaged in business within this District, and because Defendant by merger required Plaintiff to execute an employment agreement that provided for venue in Michigan, with a Michigan choice of law provision.

## FACTS

### Plaintiff's hiring and work history.

15. Plaintiff was an employee of Defendant until he became an independent contractor with another corporate entity on June 11, 2024.

16. Culture Pulse, Inc. is a California corporation engaged in interstate commerce, and was Plaintiff's employer, directly and by merger, from September 2021 to June 10, 2024.

17. On September 13, 2021, the CEO of Amplify Creative Group, Inc. presented Plaintiff with a proposed employment agreement (**EX 1**).

18. Plaintiff counter-signed and accepted the agreement on September 15, 2021, and on September 20, 2021 he became an employee of Amplify.

19. Unbeknownst to Plaintiff, in August 2023, Amplify Creative Group, Inc. merged with Defendant Culture Pulse Inc., the merger being a no-cash, stock swap (**EX 2**).

20. Culture Pulse Inc. emerged as the successor corporation, and Amplify Creative Group, Inc. dissolved as a California corporation, withdrawing its authority to engage in business in the State of Michigan (**EX 3**).

21. By the merger, Culture Pulse Inc. is the successor employer, and is bound by the prior agreements

**Plaintiff sought arbitration, which was dismissed.**

22. Amplify Creative Group, Inc. conditioned employment on Plaintiff agreeing to binding arbitration with the American Arbitration Association [AAA] (EX 1, p 5, Para. 17).

23. Plaintiff filed his claims with AAA, but Defendant's corporate officer(s) notified AAA of its intent not to participate; thereafter, AAA dismissed the matter without adjudication.

24. Plaintiff brings this lawsuit as his remaining source of remedy.

**Substantive Details of the Lawsuit**

25. As stated, on September 13, 2021, Amplify Creative Group, Inc. d/b/a AmplifyX proposed an employment relationship to Plaintiff.

26. On September 15, 2021, Plaintiff counter-signed and accepted the agreement; on September 20, 2021 he became an employee of Amplify.

27. Amplify Creative Group, Inc. agreed it would pay Plaintiff base compensation of at least $80,000 annually,[1] plus reimbursing Plaintiff for his out-of-pocket expenses for healthcare premiums.

28. Plaintiff began working for Amplify, and at least until June 2023, he was compensated according to the agreement.

29. Furthermore, he was reimbursed his healthcare premiums through that time – June 2023.

30. Plaintiff's compensation was paid through the same Amplify platform in May, August, and October 2023 as it was paid in late 2021 and throughout 2022.

31. Also as stated, without Plaintiff's knowlegde, Amplify Creative Group, Inc. merged with Defendant Culture Pulse Inc. in August 2023.

32. Culture Pulse Inc. emerged as the successor corporation, and Amplify Creative Group, Inc. dissolved as a California corporation, withdrawing its authority to engage in business in the State of Michigan.

33. Therefore, effective August 2023, Culture Pulse Inc. became responsible to pay its employees, including Plaintiff, for all salary and benefits

---

[1] That base salary increased over time to the amount which supports the demand made herein.

5

reimbursement, whether incurred through Amplify, or as an employee of Culture Pulse Inc.

34. For all legal and factual intents and purposes Plaintiff was an employee of Culture Pulse Inc.

**Wages owed to Plaintiff.**

35. During his employment, and at least until May 15, 2024,[2] Plaintiff regularly and faithfully performed his required duties for Defendant, including over the several months when he went without any compensation.

36. The last money Plaintiff received was a gross payment of $4,166.67 received on October 2, 2023; however, that money was for a pay period preceding June 15, 2023.

37. Defendant also paid Plaintiff gross pay of $4,166.67 on August 11, 2023, yet that too was for a pay period preceding June 2023.

38. Plaintiff is owed employment compensation for twenty (20) total pay cycles, and that amount does not include what is owed for health insurance compensation, which was also contracted for by written agreement.

39. All totaled, Defendant owes Plaintiff wages and salary totaling **$83,333.40**, less standard withholdings and exemptions.

---

[2] Plaintiff signed an Independent Contractor Agreement with GameOn, Inc. on June 11, 2024; for purposes of this arbitration, Plaintiff is seeking his employment compensation from Defendant through May 15, 2024.

6

40. That amount is calculated by taking gross periodic wages of $4,166.67 and multiplying that amount by the twenty (20) pay periods for which Plaintiff has not been paid.

### Other contract claims owed to Plaintiff.

41. Defendant owes Plaintiff health insurance premiums reimbursement totaling **$4,660.46**; or eight (8) months of healthcare reimbursement at $582.56 per month.

42. Plaintiff is also fully vested in 300,000 shares of Amplify-now-Culture Pulse Inc. stock by way of the no-cash, stock swap merger.

43. The original stock incentive plan included an initial offering of 25,000 shares vesting immediately, and another 68,750 shares having vested at the end of Plaintiff's first year of employment.

44. Thereafter, 1/36th of the remaining shares would vest monthly, the caveat being upon acquisition 300,000 shares would vest in Plaintiff.

45. An acquisition-by-merger occurred in August 2023 (EX 2).

46. Plaintiff is not privy to the then-current par value for each share of Amplify stock transferred to Culture Pulse Inc.

47. By its material breach of the agreement, the equivalent per share value of Culture Pulse Inc., multiplied by 300,000, is owed to Plaintiff.

48. Plaintiff demands he be awarded $87,993.86 owed as salary and health insurance premiums reimbursement pursuant to written contract, together with an award for the equivalent value of 300,000 of stock.

49. The employment agreement also included the provision for attorney fees and expenses to be paid to Plaintiff upon him prevailing in the arbitration.

50. Given the clear breach of the employment agreement, Defendant's contractual duties to pay Plaintiff his salary and healthcare reimbursement, not to mention the value of stock, and Defendant's stated refusal to participate in arbitration, Plaintiff also demands an award for his reasonable attorney fees and costs incurred to bring this arbitration.

## COUNT I

## BREACH OF CONTRACT

51. Plaintiff incorporates by reference the allegations made in Paragraphs 1-50 as if fully restated herein.

52. Plaintiff was an employee and Defendant was his employer, such that Defendant owed Plaintiff a duty to pay the salary and other compensation agreed to between the parties by written agreement.

53. The contract provided for Defendant to pay Plaintiff his salary at a sum certain, together with healthcare premiums reimbursement, the amount for each was negotiated at arm's length.

54. Plaintiff performed per the contract terms, for which Defendant paid Plaintiff for a time, but after a period of time it failed and/or refused to pay Plaintiff for the work and services Plaintiff provided as an employee.

55. The duty to pay employment compensation, to reimburse employees for healthcare premiums an employee paid out of pocket, were terms material to the agreement between the Plaintiff and Defendant's predecessor in interest; an agreement transferred to Defendant as successor by merger.

56. The employment agreement also contained the express term that Plaintiff would become fully vested in 300,000 shares of stock upon acquisition, with that acquisition occurring in August 2023.

57. The conduct of Defendant in refusing to compensate Plaintiff for salary and reimburse healthcare premiums owed, together with refusing to pay Plaintiff the value of 300,000 shares of stock, is a breach of an express contract, such that the conduct was a material breach of the contract between the parties.

58. As a result of Defendant's material breach, Plaintiff has suffered monetary damages, the least of which is the $87,993.86 owed for unpaid salary and healthcare premiums reimbursement.

59. Written demand has been made for the payment of all sums outlined herein, with that demand either ignored or refused.

60. Defendant is further liable to Plaintiff for the full value of the stock and other damages suffered as a result of Defendant's breach.

61. The other damages suffered by Plaintiff include attorney fees and expenses incurred in arbitration, for which the express employment contract provides relief to Plaintiff.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

62. Plaintiff incorporates by reference the allegations made in Paragraphs 1-61 as if fully restated herein.

63. By way of alternate pleading, Plaintiff alleges that by accepting the employment agreement, and him performing services to and for the benefit of Defendant, he provided services for which Defendant became enriched.

64. By performing those services, Defendant became indebted to Plaintiff for the value of the services received.

65. Defendant received the benefit of Plaintiff's services and failed or refused to compensate Plaintiff for the value of the services it received.

66. Members of Defendant's leadership team were often away on vacations, while Plaintiff was performing work for no compensation.

67. There exists an inequity in that Defendant received a financial benefit from the services Plaintiff provided, and law or equity compels Defendant cure that inequity.

68. Defendant was unjustly enriched at the expense of Plaintiff.

69. Plaintiff is entitled to receive the quantum meruit value of his services performed, for which he has not been paid.

70. Defendant owes Plaintiff a duty to make restitution for that amount of money which equates to the value of services Plaintiff performed.

## RELIEF REQUESTED

For reasons stated, Plaintiff Ming Hao Xue a/k/a Tommy Xue demands the Judgment against Defendant Culture Pulse Inc.:

- Compensatory damages in whatever amount he is found to be entitled, the minimum amount being $87,993.86, which is the value of his compensation and healthcare reimbursement owed to him by contract;

- A judgment for the monetary value of stock in which Plaintiff is fully vested by agreement and/or acquisition;

- An award of interest, costs and attorney fees by contract; and

- Whatever other relief appears appropriate at the time of final judgment.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/James C. Baker
James C. Baker (P62668)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
jbaker@sterlingattorneys.com

Dated: September 30, 2024